John Colton, Appellant, *v.* Harry H. Oshrin, Respondent.

First Department, February 14, 1936.

*Richard J. Mackey* of counsel [*Mackey, Herrlich & Breen,* attorneys], for the appellant.

*Louis Susman* of counsel [*Nathan Stieglitz* with him on the brief], for the respondent.

McAvoy, J.   Plaintiff brought this action to set aside an agreement of employment entered into between plaintiff and defendant, under date of February 10, 1926, whereby defendant agreed to become plaintiff's personal representative and business agent, for a period of five years, with option of renewal, on the ground that it is unconscionable on its face, entirely lacking in mutuality, and constitutes a fraud practiced by an attorney upon his client.

On October 11, 1926, plaintiff authorized defendant to invest plaintiff's moneys in any business venture defendant saw fit, so that it would bring plaintiff a return of eight per cent per annum. Any sum over and above that return was to be retained by defendant for his services, disbursements and outlays.

The agreement was acted upon by the parties for over seven years, without serious complaint from plaintiff. Plaintiff did object, however, to defendant crediting himself with $19,257.49 commissions on plaintiff's California salary.

We cannot set aside the contract as unconscionable on its face and lacking mutuality, because the defendant undertook the employment and agreed to perform same, and also guaranteed plaintiff against loss in connection with investments made for his account.

The relationship of attorney and client did not exist at the time plaintiff and defendant entered into the contract.   And there is no showing of any fraud practiced by defendant upon plaintiff in procuring or renewing the contract.

The plaintiff was apparently satisfied to continue the relations after the expiration of the first five-year term, and allowed it to run for two additional years.

We conclude, however, that the agreement between the parties did not contemplate compensation by way of commissions at ten per cent for defendant on plaintiff's salary in California, with which defendant had nothing to do in procurement or service, and that plaintiff is entitled to the return of $19,257.49, credited by defendant to himself.   We interpret the agreement as not including such earnings.

The charge of $6,000 spent by the defendant in connection with the production of the play entitled " St. Wench," of which the plaintiff was the author, seems to have been made with authority, as plaintiff wanted this play produced, irrespective of any loss

entailed, personally put in some money and supervised the production. This may not be surcharged.

The $1,000 loan repayment received from Miss Menken for the plaintiff was deposited in the " St. Wench " account for the plaintiff and he was credited with that sum.

The loan made to Tinney Estates, Inc., was an improper investment of trust funds, since the Tinney Estates, Inc., was a corporation wholly owned by the defendant himself. It was incumbent upon the defendant to prove such a loan by convincing evidence. There was no entry whatsoever upon the books of the corporation to evidence any such loan, or to show the receipt of $22,000 by the corporation on March 1, 1928, and of $18,000 on December 1, 1930. The bank accounts of the corporation failed to show any such deposits. No notes were produced and their alleged delivery to plaintiff was improbable.

Notwithstanding that defendant claimed that these corporate notes in these amounts were delivered to plaintiff on July 2, 1932, defendant on June 12, 1933, promised Mr. French (an attorney who then represented plaintiff) to deliver the notes to him.

There was no believable proof that defendant had loaned plaintiff's money to Tinney Estates, Inc.

Therefore, the judgment should be modified by striking out the provisions that the complaint be dismissed upon the merits and that the defendant recover costs, and by directing that the account of the defendant be surcharged with the commissions improperly deducted against the California salary of the plaintiff, and with the moneys alleged to have been loaned to the Tinney Estates, Inc., and as so modified affirmed, with costs of this appeal to the appellant.

In view of the disposition thus made upon appeal from the judgment, the separate appeal from the order herein should be dismissed, without costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

On appeal from judgment: Judgment modified by striking out the provisions that the complaint be dismissed upon the merits and that the defendant recover costs, and by directing that the account of the defendant be surcharged with the commissions improperly deducted against the California salary of the plaintiff, and with the moneys alleged to have been loaned to the Tinney Estates, Inc., and as so modified affirmed, with costs of the appeal to the appellant. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.

On appeal from order: Appeal from order denying plaintiff's motion to strike from the judgment the provision which permits the defendant to have execution for the costs taxed against the plaintiff, dismissed, without costs.